JONES, JUDGE:
This claim was originally filed before this Court on October 10, 1987. The claimant, Interstate Lumber Company, alleged that on July 6, 1967, at Camp Dawson, West Virginia, a parachutist member of the West Virginia National Guard made a regularly scheduled jump and during the course of the drop, he struck and broke a power line of the Monongahela Power Company providing electrical service to the claimant’s sawmill, and caused a power failure which “burned out” twelve motors then being owned and operated by the claimant. The unquestioned cost of repairing the damaged motors was $2,011.00. No claim was made for loss of use of the motors and the resulting shutdown.
On April 8, 1968, this claim came on for hearing and was dismissed for non-appearance of the claimant, counsel advising the Court that the claimant had been informed by the Assistant Adjutant General of West Virginia that the claim was cognizable by the United States Army Claims Service .•and would be paid from federal funds. Thereupon, the claim was duly filed with the United States Army Claims Service ánd upon consideration was denied on the ground that military and civilian personnel of the National Guard are to be treated for purposes of the Federal Tort Claims Act as employees of the State and not of the federal government (citing Maryland v. United States, 85 S. Ct. 1293 [1965] and 86 S. Ct. 305 [1985]).
On October 8, 1968, the claimant moved this Court that the order dismissing the claim be vacated 'and that the claim be *13 reinstated. Whereupon, the Court reinstated the claim and a hearing thereon was held on April 15, 1969.
Upon consideration of the evidence adduced at the hearing and certain admissions made on behalf of the Adjutant General, the Court finds that the proximate cause of the damage to the claimant’s property was the power failure precipitated by the negligence of the National Guard parachutist, that the guardsman was in the employ of the State of West Virginia and acting within the scope of his employment, that the amount of the claim is fair and reasonable, and that in equity and good conscience, the claimant should recover.
Therefore, the Court is of opinion to and does hereby award the claimant, Interstate Lumber Company, the sum of $2,011.00.